UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :

ZHANG Jingrong, ZHOU Yanhua, ZHANG      :
Peng, ZHANG Cuiping, WEI Min, LO Kitsuen,  :
CAO Lijun, HU Yang, GUO Xiaofang, GAO   :              **ORDER**
Jinying, CUI Lina, XU Ting, BIAN Hexiang,    :
                                                             :
                    Plaintiffs,                   :            15 Civ. 1046 (SLT) (VMS)
                                                              :
     -against-                               :
                                                              :
Chinese Anti-Cult World Alliance (CACWA),  :
Michael CHU, LI Huahong, WAN Hongjuan,   :
ZHU Zirou, and DOES 1-5 Inclusive,            :
                                                              :
                   Defendants.                :
                                                               :
------------------------------------------------------------ X

**VERA M. SCANLON, United States Magistrate Judge:**

Before the Court is Plaintiffs' motion to maintain the sealed status of the letter motions filed in support of, and in opposition to, Plaintiffs' prior motion to quash the deposition of non-party Li Hongzhi ("Mr. Li"), the founder of Falun Gong.[1] See ECF Nos. 48-51. For the reasons stated herein, Plaintiffs' motion is **denied**.

**I.    APPLICABLE LEGAL STANDARD**

Rule 26(c) of the Federal Rules of Civil Procedure governs a court's power to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "'[T]he party seeking a protective order has the

---

[1] Plaintiffs disagree with the Court's characterization of their prior motion as one to "quash" and argue that Plaintiffs, instead, sought "a protective order to limit discovery in advance of the issuance of any such subpoena." See ECF No. 50, p. 3. The Court construed Plaintiffs' letter motion, see ECF No. 48-1, as a motion to quash because it specifically sought to prohibit the deposition of a third party whom Defendants purportedly intended to subpoena—a circumstance specifically contemplated by Fed. R. Civ. P. 45(d). In any event, the Court's decision to characterize Plaintiffs' original motion as such has no bearing on the analysis herein.

1

burden of showing that good cause exists for issuance of that order.'" Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004) (quoting In re "Agent Orange" Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987)).

"The touchstone of the court's power under Rule 26(c) is the requirement of 'good cause.'" In re Zyprexa Prods. Liab. Litig., 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007); see Fed. R. Civ. P. 5.2(e)(1) ("For good cause, the court may by order in a case . . . require redaction" of information other than social security numbers and other data expressly protected under Rule 5.2(a)). Ordinarily, "good cause" is satisfied if "a clearly defined and serious injury . . . would result from disclosure of the document." Allen v. City of New York, 420 F. Supp. 2d 295, 302 (S.D.N.Y. 2006) (quotations & citations omitted); J. Moore, 6 Moore's Federal Practice & Procedure § 26.104[1] (3d ed. 2016). "Where the document sought to be shielded from disclosure is part of the official court file, the Court must consider the public's presumptive right of access to such materials in making its determination as to good cause." Nycomed US, Inc. v. Glenmark Generics, Inc., 08 Civ. 5023 (CBA) (RLM), 2010 U.S. Dist. LEXIS 20788, at *7-8 (E.D.N.Y. Mar. 8, 2010).

"The 'good cause' analysis is informed by the presumptions of public access under . . . the common law . . . ." In re Parmalat Sec. Litig., 258 F.R.D. 236, 243 (S.D.N.Y. 2007); see Stern v. Cosby, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) ("The courts have long recognized a common law right of public access to judicial documents.") (quotations & citations omitted); United States v. Sattar, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006) ("The common-law right of access to judicial proceedings and documents creates a presumption in favor of public access to, and against sealing of, judicial documents."). The public's "right to inspect and copy . . . judicial records and documents," Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978), is

"founded upon the public's interest in monitoring the judiciary's administration of justice." United States v. Basciano, 03 CR 929 (NGG), 05 CR 60 (NGG), 2010 U.S. Dist. LEXIS 39994, at *8 (E.D.N.Y. Apr. 23, 2010) (citing United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). As explained by the Second Circuit:

> Transparency is pivotal to public perception of the judiciary's legitimacy and independence. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.

United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (quotation & citation omitted).

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." Stern, 529 F. Supp. 2d at 420 (citations omitted).

> First, the court must determine whether the documents are indeed judicial documents, to which the public has a presumptive right of access. Second, if the documents are judicial documents, the court must determine the weight of the presumption, that is, whether the presumption is an especially strong one that can be overcome only by extraordinary circumstances or whether the presumption is a low one that amounts to little more than a prediction of public access absent a countervailing reason[,] or whether the presumption is somewhere in between. Third, once the weight of the presumption is determined, a court must balance competing considerations against it. Countervailing factors include, among others, the danger of impairing judicial efficiency and the privacy interests of those resisting disclosure.

Id. (internal quotations & citations omitted); accord Nycomed, 2010 U.S. Dist. LEXIS 20788, at *8-9; Diversified Grp., Inc. v. Daugerdas, 217 F.R.D. 152, 158-60 (S.D.N.Y. 2003).

"There is a strong presumption of public access to judicial records that is 'based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice.'" Mariano v. LA Fitness, Inc., 09 Civ. 1395 (LDW)

3

(ETB), 2010 U.S. Dist. LEXIS 36125, at *2 (E.D.N.Y. Apr. 13, 2010) (quoting Caxton Int'l, Ltd. v. Reserve Int'l Liquidity Fund, Ltd., 09 Civ. 782 (PGG), 2009 U.S. Dist. LEXIS 67223, at *6 (S.D.N.Y. July 30, 2009). "The presumption of access varies according to the nature of the judicial document to which access is sought." In re Zyprexa, 474 F. Supp. 2d at 412. "The claim of public access is strongest when the documents play a substantial role in determining litigant's substantial rights." Id. (internal quotations omitted). "Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach . . . ." Id. at 413 (quotation and emphasis omitted).

"Once the weight of the presumption of access is ascertained, it is balanced against the competing considerations specific to the case at hand." General Media, Inc. v. Shooker, 97 Civ. 510 (DAB), 1998 U.S. Dist. LEXIS 10880, at *38 (S.D.N.Y. July 14, 1998) (citing Amodeo, 71 F.3d at 1050). As a result, "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" for the request. Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (citing City of Hartford v. Chase, 942 F.2d 130, 135-36 (2d Cir. 1991)).[2]

---

[2] "The Second Circuit has also recognized a qualified constitutional presumption of access to both civil and criminal proceedings and judicial documents, arising under the First Amendment." Saint-Jean v. Emigrant Mortg. Co., 11 Civ. 2122 (SJ) (RLM), 2015 U.S. Dist. LEXIS 166298, at *10 n.6 (E.D.N.Y. Dec. 10, 2015) (citing Nycomed, 2010 U.S. Dist. LEXIS 20788, at *10). Under the constitutional standard, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind., 347 F.App'x 615, 616-17 (2d Cir. 2009) (internal quotations & citations omitted). Because Plaintiffs have not made a showing sufficient to rebut the common law presumption of access to the judicial documents at issue here, the Court need not determine whether those documents are also subject to a First Amendment presumption of access, which "demands broader disclosure than the common law." In re NBC Universal, Inc., 426 F. Supp. 2d 49, 56 (E.D.N.Y. 2006) (emphasis omitted); see Basciano, 2010 U.S. Dist. LEXIS 39994, at *9 n.3 (where common law right of access required public disclosure, court declined to reach constitutional question of access).

## II. ANALYSIS

The four documents at issue here, see ECF Nos. 48-51, are letter briefs in support of, and in opposition to, Plaintiffs' motion to quash, which are "judicial documents."[3] Although these letter briefs cannot be characterized as dispositive in nature—such as summary judgment motion briefs—they nevertheless do relate to a motion that, had it been granted, could ultimately effect the viability of some of Defendants' defenses. Cf. Lugosch v. Pyramid Co., 435 F.3d 110, 121-23 (2d Cir. 2006) (explaining that "documents used by parties moving for, or opposing" a dispositive motion are subject to the strongest presumption of public access, but that the weight to be accorded the presumption of access is governed by the nature of the motion to which the document relates, not simply to the ultimate outcome of that motion). Accordingly, even if the documents at issue are not subject to the strongest possible presumption of public access, at a minimum, public access is still relatively strongly favored. See Nycomed, 2010 U.S. Dist. LEXIS 20788, at *12-13. Having determined that the materials in question are judicial documents, the Court must next decide whether countervailing factors outweigh the relatively strong presumption of access.

Plaintiffs argue that the letter briefs related to their motion to quash should be sealed "to avoid undue publicity in relation to this matter." See ECF No. 50, p. 1. More specifically, Plaintiffs claim to have "strong reason" to believe that the Chinese Communist Party will manipulate and propagandize any public discussion of an effort to subpoena Mr. Li in order to suggest that he is being "hauled into an American court as a criminal to answer for his role in

---

[3] It is important to note that Plaintiffs do not argue that any of the disputed letters contain sensitive or otherwise privileged material, such as social security numbers or financial information, which should be prohibited from disclosure. In fact, for all practical purposes, the disputed letters contain almost exclusively the legal arguments of the parties.

founding [Falun Gong]." Id. Relatedly, Plaintiffs claim that the ensuing propaganda will force the parties and Court to deal with "issues generated by the media" and "deligitimiz[e] the religious beliefs and adherents of Falun Gong, thereby discouraging [Falun Gong practitioners from] seek[ing] the protection of the Court." Id. at p. 2. Plaintiffs' arguments are insufficient to overcome the relatively strong presumption of public access.

First, despite Plaintiffs' argument to the contrary, a "generalized concern of adverse publicity is not . . . a sufficiently compelling reason to outweigh the presumption of access." Nycomed, 2010 U.S. Dist. LEXIS 20788, at *26. In a related vein, Plaintiffs do not even explain what "media attention" they believe will result from the unsealing of the disputed letter briefs, or why this purported "media attention" would require court intervention. Any privacy interest here, if one exists at all, would appear to be Mr. Li's, and not the parties, with regard to the proposed subpoena and motion to quash.

Second, Plaintiffs' sweeping claims of resultant harm to Falun Gong practitioners are, at best, speculative. In support of Plaintiffs' argument that the unsealing of the disputed letter briefs will allow the Chinese Communist Party to propagandize this lawsuit and delegitimize Falun Gong, Plaintiffs point to only two purported facts: (1) Chinese officials have "studied" prior lawsuits filed on behalf of Falun Gong practitioners in the United States to denigrate Falun Gong, and (2) the Chinese Anti-Cult Association ("CACA") website, an association which—like Defendant CACWA—stands in opposition to Falun Gong, previously published hundreds of articles on its own website containing "hostile and inflammatory references" toward Mr. Li in 2004. See ECF No. 50, p. 1. Even if true, it is unclear why this justifies the relief requested, as these circumstances merely mirror the allegations made in Plaintiffs' Complaint. See ECF No 2, ¶¶ 50-51, 67. The premise of Plaintiffs' Complaint is that the Chinese Communist Party spreads

anti-Falun Gong propaganda and that, along with Defendants, the CACA's goal is to suppress Falun Gong, id.; if the documents at issue here require confidentiality, it unclear to the Court why every document in this case would not likewise require confidentiality, as they could all be used in the same manner. That cannot be the case.

Finally, as Defendants correctly argue, see ECF No. 51, p. 3, Plaintiffs cannot use this lawsuit has both a sword and a shield; Plaintiffs have chosen to file a federal lawsuit claiming a wide-ranging and cross-continent/cross-ocean conspiracy aimed at Falun Gong practitioners, thereby publicly placing at issue the religious practice and, potentially, information related to its founder, Mr. Li. In fact, in a recent discovery conference concerning expert discovery, Plaintiffs' and Defendants' counsel both reported that they were considering presenting theologians or religious experts in support of their respective positions as to whether Falun Gong is a religion, and by corollary, whether its practitioners are entitled to First and Fourteenth Amendment protections with regard to their practice of Falun Gong. Plaintiffs are thus fully aware that the status of Falun Gong as a religion is in dispute and the subject of discussion in open court. Plaintiffs have also been informed by the Court that these issues may be considered by the Court at summary judgment or possibly at trial. There can be no reasonable expectation of privacy as to the issues related to Falun Gong that Plaintiffs have put in dispute in this case. Plaintiffs will not be permitted to publicly accuse Defendants of misconduct and then attempt to keep confidential legal arguments made in support of, or opposition to, Defendants' effort to mount a defense.

In sum, Plaintiffs have not established a countervailing interest sufficient to outweigh the relatively strong presumption of public access.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to maintain the sealed status of the letter briefs filed in support of, and in opposition to, Plaintiffs' motion to quash Mr. Li's third-party deposition is **denied**.

Dated: Brooklyn, New York
June 2, 2016

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge