**UNITED STATES COURT**
**EASTERN DISTRICT OF NEW YORK**

ZHANG Jingrong, ZHOU Yanhua, ZHANG Peng,
ZHANG Cuiping, WEI Min, LO Kitsuen, LI Xiurong,
CAO Lijun, HU Yang, GAO Jinying, CUI Lina, XU
Ting, and BIAN Hexiang,

                        Plaintiffs,

      vs.

Chinese Anti-Cult World Alliance (CACWA), Michael
CHU, LI Huahong, WAN Hongjuan, ZHU Zirou, &
DOES 1-5 Inclusive,

                  Defendants.

**PLAINTIFFS' LOCAL CIVIL
RULE 56.1 STATEMENT**

No. 15-CV-1046 (SLT) (VMS)

Pursuant to Local Civil Rule 56.1, Plaintiffs submit the following undisputed, material facts

in support of their motion for summary judgment that Falun Gong[1] is a religion, and certain of

Defendants' counter-claims are untimely and unsupported by credible evidence.

**Falun Gong Books and Articles**

1.     Li Hongzhi founded the Falun Gong spiritual system in 1992 in China. As the founder, he

has authored the corpus of Falun Gong teachings. Ex. 1 ¶ 7.

2.     Zhuan Falun is the main text of the Falun Gong School. Ex. 1 ¶ 2-5, Li Hongzhi,

"Comments for Republication," http://en.falundafa.org/eng/yj_01.htm (last visited Aug. 28, 2017);

Li Hongzhi Lecture in Changchun, July 1998 ("July 1998 Lecture"); Li Hongzhi Lecture in

Singapore, August 1998 ("August 1998 Lecture"); Li Hongzhi Lecture in the United States, 1999

("1999 Lecture").[2]

3.     Zhuan Falun includes all the tenets of Falun Gong. Ex. 1 ¶ 3, 6, (August 1998 Lecture).

---

[1] When used as a noun, "Falun Gong" designates the belief system and practice of Falun Gong.
[2] All exhibits referenced herein are annexed to the accompanying affirmation of Terri Marsh.

4.      The other materials posted on the Falun Gong website, www.falundafa.org are "supplementary" materials only. Ex. 1 ¶ 2-5 (August 1998 Lecture; 1999 Lecture).

5.      The "supplementary" materials include matters addressed in lectures to Falun Gong believers in various regions. Ex. 1 ¶ 3 (August 1998 Lecture).

6.      The lectures are described as "ad hominem" i.e., written to address the specific situation of the audience. Ex. 1 ¶ 3 (August 1998 Lecture).

**The Tenets of Zhuan Falun[3]**

7.      Zhuan Falun teaches that the Divine Creator, DAFA/the Buddha FA, created time, space and all that exists. Ex. 2 ¶¶ 1-2 (Zhuan Falun, "Lunyu," 2000 edition).

8.      The highest manifestation of the Buddha FA is Zhen-Shan-Ren, which play a guiding role in one's cultivation. Ex. 2 ¶ 3 (Zhuan Falun, Lecture One, "Zhen-Shan-Ren is the Sole Criterion," 2000 edition).

9.       Zhuan Falun addresses such imponderables as the causes of human suffering. Ex. 2 ¶ 38 (Zhuan Falun, Lecture One, "Genuinely Guiding People to Higher Levels," 2000 edition).

10.     Zhuan Falun addresses such ultimate concerns as the purpose of human life, i.e., to return to one's original true self, achieve enlightenment, and/or attain salvation. Ex. 2 ¶¶ 4-8 (Zhuan Falun, Lecture One, "Genuinely Guiding People to Higher Levels," 2000 edition).

11.     Cultivation is the practice through which believers may achieve enlightenment, attain salvation and/or return to their true, original selves. Ex. 2 ¶¶ 9-13 (Zhuan Falun, "Lunyu," 2000 edition; Zhuan Falun, Lecture One, "Genuinely Guiding People to Higher Levels," 2000 edition; Zhuan Falun, Lecture One, "Qigong is Cultivation Practice," 2000 edition; Zhuan Falun, Lecture One, "Characteristics of Falun Dafa," 2000 edition); Ex. 2 ¶¶ 9-13 (Zhuan Falun, Lecture Two, "The Supernormal Ability of Precognition and Retro-cognition," 2000 edition).  Any cultivator who

---

[3] All references to Zhuan Falun herein may be found at http://en.falundafa.org/eng/zflus.html (edition 2000).

becomes one with the Divine Creator is an enlightened one – Divine. Ex. 2 ¶ 10 (Zhuan Falun, "Lunyu," 2000 edition).

12.     Zhuan Falun offers a highly detailed ethical code of conduct as part of its cultivation path. *See infra* ¶¶ 13 - 20; Ex. 2 ¶¶ 9, 16-30.

13.     The cultivation of compassion is an essential component of the Falun Gong ethical code of conduct. Ex. 2 ¶¶ 16-18 (Zhuan Falun*, Lecture Eight, "Collecting Qi," 2000 edition; Zhuan Falun, Lecture Four, "Transformation of Karma," 2000 edition; Zhuan Falun, Lecture Four, "Upgrading Xinging," 2000 edition).

14.      To cultivate compassion in this school, one must respect one's parents, educate one's children, be good and kind to family and all others. Ex. 2 ¶ 19 (Zhuan Falun, Lecture Six, "Interference from One's Own Mind," 2000 edition).

15.     The cultivation of truthfulness is an essential component of the Falun Gong ethical code. Ex. 2 ¶ 20 (Zhuan Falun, Lecture One, "Zhen-Shan-Ren is the sole Criterion to Discern Good and Bad").

16.     To cultivate truthfulness, one must tell the truth. Ex. 2 ¶ 20 (Zhuan Falun, Lecture One, "Zhen-Shan-Ren is the sole Criterion to Discern Good and Bad, 2000 edition).

17.     The cultivation of tolerance is an essential component of the Falun Gong ethical code. Ex. 2 ¶ 20 (Zhuan Falun, Lecture One, "Zhen-Shan-Ren is the sole Criterion to Discern Good and Bad," 2000 edition).

18.     To cultivate tolerance, one may not fight back. Ex. 2 ¶ 21 (Zhuan Falun, Lecture Nine, "People with Great Inborn Quality," 2000 edition).

19.     The cultivation of virtue (in Chinese, "*dé*") is an essential component of the practice of Falun Gong. Ex. 2 ¶¶ 22-23 (Zhuan Falun, Lecture One, "Zhen-Shan-Ren is the Sole Criterion to Discern

Good and Bad People," 2000 edition; Zhuan Falun, Lecture One, "Why Doesn't Your Gong Increase with Your Practice," 2000 edition).

20. One loses virtue when one commits wrongdoing. Ex. 2 ¶ 23 (Zhuan Falun, Lecture One, "Why Doesn't Your Gong Increase with Your Practice?" 2000 edition).

    a. Wrongdoing incudes swearing at, bullying, and hitting, kicking or beating-up others. Ex.2 ¶ 23 (Zhuan Falun, Lecture One, "Why Doesn't Your Gong Increase with Your Practice?" 2000 edition).

    b. Wrongdoing includes deceiving others. Ex. 2 ¶ 24 (Zhuan Falun, Lecture One, "Genuinely Guiding People to Higher Levels," 2000 edition).

    c. Wrongdoing includes killing. Ex. 2 ¶ 25 (Zhuan Falun, Lecture Seven, "The Issue of Killing," 2000 edition).

    d. Zhuan Falun further requires the elimination of immoral thoughts and the intention to commit wrongdoing. Ex. 2 ¶ 26 (Zhuan Falun, Lecture One, "Why Doesn't Your Gong Increase with Your Practice," 2000 edition).

    e. Zhuan Falun further instructs that cultivation requires the elimination of jealousy. Ex. 2 ¶¶ 27-30 (Lecture Seven, "Jealousy") zealotry, (Lecture Seven, "The Issue of Eating Meat"), attachments to lust, (Lecture Six, "Attracting Demons in Qigong") and to fighting and arguing. Lecture Seven, "The Competitive Mentality" 2000 edition).

**The Metaphysical Realm**

21. Zhuan Falun teaches about metaphysical phenomena. *See infra* ¶¶ 22 – 30.

22. Within the Falun Gong belief system, the Divine Creator is outside of and apart from creation. Ex. 2 ¶¶ 1- 2 (Zhuan Falun, "Lunyu," 2000 edition).

23.     Zhen-Shan-Ren, as the highest manifestation of the Divine Creator, is part of the

metaphysical realm.  Ex. 2 ¶ 3 (Zhuan Falun, Lecture One, "Zhen-Shan-Ren is the Sole Criterion to

Discern Good and Bad," 2000 edition).

24.     According to the Zhuan Falun:

  a. The lives in this dimension are different from lives in other dimensions of the

   universe.  The lives in this dimension cannot see the lives in other dimensions; they

   are lost in a maze of illusion. Ex. 2 ¶ 31 (Zhuan Falun, Lecture One, "Guiding

   People Towards High Levels," 2002 edition).

  b. The "Great Enlightened Beings" inhabit paradises in other dimensions.  Ex. 2 ¶ 32

   (Zhuan Falun, Lecture Three, "The Buddha School Qigong," 2002 edition).

  c. Named "Enlightened Beings" such as Buddha Shakyamuni though not visible in this

   dimension offer salvation to people. Ex. 2 ¶ 32 (Lecture Three, "The Buddha School

   Qigong," 2002 edition).

  d. Zhuan Falun describes the "Falun" (or "Dharma Wheel") as "a miniature of the

   universe that possesses all of the universe's capabilities and which operates and

   rotates automatically. Ex. 2 ¶ 33 (Lecture One, "The Characteristics of Falun Dafa,"

   2000 edition). *See also* Ex. 3 ¶ 2.[4]

  e. The "True Self" or "Primary Soul" exists in a microscopic dimension and is part of

   the metaphysical realm. Ex. 2 ¶ 34 (Lecture Two, "Supernormal Abilities of

   Precognition and Retrocognition," 2002 edition). To return to one's "True Self," one

   must cultivate "de" (virtue), which exists in another dimension. Ex. 2 ¶¶ 22, 35.

---

[4] As Plaintiffs' expert witness, Caylan Ford explained, "the "Falun" or "Law Wheel" is a well-known symbol of the Buddhist Dharma or body of teachings, and is never described as physically existing in the human realm, nor do Falun Gong adherents understand it as such." (Report of Caylan Ford (" Report") at n.17). For those unfamiliar with the significance of the "Law Wheel" in Eastern religious traditions, it is explained in more detail in "*Falun Gong,*" the book written for readers less familiar with Eastern religion, thought and culture. (*Falun Gong,* Chapter V, "Falun Law Wheel and Falun Gong," 2001 edition.).

One's cultivation energy (or "gong") evolves from this "de," also in another dimension. Ex. 2 ¶ 37.

f.    Reincarnation is the cycle of the main consciousness in another dimension. The main consciousness or main spirit of a human or animal exists in another dimension until it adopts a shell or a "skin" and reincarnates in this dimension. (*See supra* ¶ 28, Ex. 2 ¶ 38 (Zhuan Falun, Lecture One, n. 6; Zhuan Falun, Lecture One, "Genuinely Guiding People to Higher Levels," 2000 edition"). *See also* Ex. 3 ¶ 5).

g.    Science cannot prove or disprove the existence of the metaphysical realm. Ex. 2 ¶ 39 (Lecture Nine, "Mind Intent," 2000 edition).

**The Practice of Falun Gong**

25.    The practice of Falun Gong includes the daily practice of a set of five exercises, the daily study of Falun Gong scripture (called "Fa Study"), religious study at local gathering places, prayer at six hour intervals, and proselytizing.  Ex. 3 ¶ 3.

26.    The practice of Falun Gong also includes the avoidance of alcohol and uncooked meat, the celebration of special holidays including Falun Dafa Day, Ex. 3 ¶ 4, and iconographic symbols of the law wheel or Falun, Ex. 2 ¶ 42 (Lecture Five, "The Falun Emblem").[5] Other iconographic images include images of Buddhas, Taos, Bodhisattvas, and Celestial maidens. Ex. 3 ¶ 4 ("HongYin").

**Plaintiffs' Sincerely Expressed Beliefs**

27.    Eleven of the thirteen Plaintiffs identify as members of the Falun Gong faith-based community, including ZHANG Jingrong, ZHOU Yanhua, ZHANG Peng, WEI Min, LO Kitsuen, LI Xiurong, CAO Lijun, HU Yang, GAO Jinying, CUI Lina, and XU Ting.

28.    Each of the eleven Plaintiffs expressed their sincere belief in the belief system and practice of Falun Gong. *See infra* ¶¶ 29 - 39.

---

[5] This Hindus, Jian, and Buddhist symbol is so widespread in Asia that it figures in statutes of Vishnu and in the symbols of Jainism.

**Plaintiff Cao Lijun**

29.     Plaintiff Cao Lijun has expressed her deeply held belief in the Falun Gong system of beliefs and practice during her deposition. (*See infra* a-f).

a.   Plaintiff Cao said she practices the Falun Gong exercises outdoors in a group three or four times a week and by herself almost every day. (Dep. of Cao Lijun ("Ex. 4, Cao Dep.") at 11:20-25) She says that it provides "a very, very nice feeling of inner peace" after practicing them. (Ex. 4, Cao Dep. at 87:8-11).

b.   Plaintiff Cao reads the book Zhuan Falun every day. (Ex. 4, Cao Dep. at 90:8-9).

c.   She describes the principles of Zhen-Shan-Ren as profound or divine principles that serve as guideposts to her faith practice, Ex. 4, Cao Dep. at 61:15-17, which she further defines as a form of physical purification. (Ex. 4, Cao Dep. at 100:7-8).

d.   She refers to the founder of practice in reverential terms and treats him akin to a deity figure, *e.g.:* "I believe in my master. I believe in every word that. I believe." (Ex. 4, Cao Dep. at 91:3-5).

e.   She describes Falun Gong as a religion, Ex. 4, Cao Dep. at 33:24, which as she makes clear to Defendants' counsel, she believes in without reservation. *Id.* at 91:3-5.

f.   She engages in the 'fa zheng nian' mind-cleansing religious prayer while attending the spiritual sites (or tables) in Flushing and as part of her volunteer work at the spiritual sites (or tables), she distributes Falun Gong materials to passersby as part of her religious practice. (Ex. 4, Cao Dep. at 120:9-12). *See also*, Exhibit 3 ¶ 3 (Propagating Falun Gong beliefs is part of the religious practice of Falun Gong).

**Plaintiff Wei Min**

30.     Plaintiff Wei Min has expressed his deeply held belief in the Falun Gong system of beliefs and practice during her deposition. (*See infra* a-g).

a.  At his deposition Plaintiff Wei said he practices Falun Gong exercises several times a week with his wife.  Deposition of Wei Min ("Ex. 5, Wei Dep.") at 95:8-96:20.

b.  He said he reads the Falun Gong scripture on a regular basis, if not daily. (Ex. 5, Wei Dep. at 95:12-13).

c.  He stated that he goes to the Taiwan Center to join in group scriptural study on a largely regular basis. (Ex. 5, Wei Dep. at 111:9:112:24).

d.  He said he goes to the Falun Gong spiritual center in Flushing to speak to the public about the anti-Falun Gong campaign (Ex. 5, Wei Dep. at 112:6-19).

e.  He said he attends the annual religious observance at the Global Falun Dafa Experience Sharing Conference held in New York. (Ex. 5, Wei Dep. at 285:22-286:4).

f.  He stated he engages in Falun Gong activities despite alleged intimidation and violence perpetrated by the Defendants. (Ex. 5, Wei Dep. at 162, 214, 281.)

g.  He describes Falun Gong as a religion, Ex. 5, Wei Dep. 291:18-19, which is based on a simple faith. *Id.* at 232:2 *et seq.*

**Plaintiff Gao Jingying**

31.  Plaintiff Gao has expressed her deeply held belief in Falun Gong. *See infra* a-i.

a.  Gao said she practices Falun Gong exercises every day. (Dep. of Gao Jingying ("Ex. 6, Gao Dep.") at 95:16-21).

b.  Gao said she has been reading Falun Gong scriptures since 1994, agrees with all of the contents of them, (Ex. 6, Gao Dep. at 15:10-17:18) and join the religious study at the Taiwan Center in Flushing, Queens on a weekly basis. (Ex. 6, Gao Dep. at 97:16-18).

c.  She hands out to the public literature advocating Falun Gong's principles of truthfulness and kindness. (Ex. 6, Gao Dep. at 107:3-5).

d. She claims she believes that Li Hongzhi, the founder of Falun Gong, has supernatural powers. (Ex. 6, Gao Dep. at 23:7-16).

e. When confronted with what opposing counsel characterized as irrational beliefs, she responded: "If sifu [master] has said it, I would believe it," and when questioned as to why she would not disagree with anything the founder says, replied: "Because I respect him. He is the most respected person for me. Similarly, Christians who respect Jesus Christ." (Ex. 6, Gao Dep. at 32:20-24).

f. Gao was personally aware of practitioners in China she knew who were beaten to death in custody, and while in China continued practicing her faith and raising awareness about the anti-Falun Gong campaign (thus exposing herself to the same risk) which she eventually was forced to endure. (Ex. 6, Gao Dep. at 42:6-43:22).

g. Gao said she attends the annual religious observance at the Global Falun Dafa Experience Sharing Conference held in New York. (Ex. 6, Gao Dep. at 54:12-21).

h. She said she engages in Falun Gong activities despite alleged intimidation and violence perpetrated by the Defendants, Ex. 6, Gao Dep. at 59:2-15, 155:15-156:4-15 including the propagation of her religion at the Spiritual Center sites (or tables). *Id.* at 53:12-22.

i. She describes Falun Gong as a religion. (Ex. 6, Gao Dep. at 141:9-12).

**Plaintiff Zhou Yanhua**

32. Plaintiff Zhou has expressed his deeply held belief in Falun Gong. (*See infra* at a-i).

a. He said he practices the Falun Gong exercises in the park daily. (Dep. of Zhou Yanhua ("Ex. 7, Zhou Dep.") at 86:12-18).

b. He said practiced Falun Gong with other adherents at the Botanical Gardens in 2011. (Ex. 7, Zhou Dep. at 87:11-25).

c. He said he participates in several Falun Gong parades. (Ex. 7, Zhou Dep. at 88:5-24).

d.  He said he participates in Falun Gong religious events throughout the year. (Ex. 7, Zhou Dep. at 87:2-88:24).

e.  He said he volunteered at the Spiritual Center sites in Flushing. (Ex. 7, Zhou Dep. at 89:5-9).

f.  When confronted with Li Hongzhi-taught beliefs that cannot be justified by empirical science, he said "Of course, we believe in him" and "Because I believe in this religion, so that's why I believe in him" and "In my belief in this religion I just believe. What is wrong with that?" (Ex. 7, Zhou Dep. at 189:10-21).

g.  He said he goes to the Falun Gong spiritual sites every day to proselytize about how Falun Gong teaches people to be good. When asked he agreed that he has also raised awareness about the violence against Falun Gong in China at the spiritual site tables. (Ex. 7, Zhou Dep. at 147:15-148:13).

h.  He said he attends the annual religious observance at the Global Falun Dafa Experience Sharing Conference held in New York. (Ex. 7, Zhou Dep. at 185:8-11).

i.  He describes Falun Gong as a religion. (Ex. 7, Zhou Dep. at 40:2-3).

**Plaintiff Hu Yang**

33.  Plaintiff Hu has expressed his deeply held belief in Falun Gong. (*See infra* a-i).

a.  At his deposition Hu said he practices the Falun Gong exercises in a public park daily. (Dep. of Hu Yang ("Ex. 8, Hu Dep.") at 42:21-22).

b.  He said he reads Falun Gong scriptures every day for at least one hour. (Ex. 8, Hu Dep. at 84:10-16).

c.  He describes the principles of Zhen-Shan-Ren as profound or divine principles that serve as guideposts to his faith practice, which allows him to eliminate karma (and elevate). Ex. 8, Hu Dep. at 26:22-27:2, 29:42.

d.  He said: "I follow exactly what my master taught in terms of the movements, and I don't know anything else besides that." (Ex. 8, Hu Dep. at 23:4-23) A series of questions by opposing counsel led him to respond: "What? If I don't completely believe in what my teacher/master taught me, how could I be a true practitioner?" (Ex. 8, Hu Dep. at 37:9-11).

e.  He said he participates in weekly group scriptural study and Falun Gong religious events throughout the year. (Ex. 8, Hu Dep. at 76:2-78:6).

f.  He said he protested the persecution in China at great personal risk, was abused and beaten in custody, and was forced to watch as his mother was beaten in the face with weapons by multiple police officers. (Ex. 8, Hu Dep. at 58:17-59:7) Under these circumstances, he continued the practice of Falun Gong in China and efforts to raise awareness about its spiritual nature and the campaign against it. (Ex. 8, Hu Dep. at 51:3-52:25:).

g.  He stated that he has personally felt the spinning of the Falun — an entity in another dimension said to be developed in the Falun Gong practice. (Ex. 8, Hu Dep. at 149:15-150:16).

h.  He said he attends the annual religious observance at the Global Falun Dafa Experience Sharing Conference held in New York. (Ex. 8, Hu Dep. at 82:9-10).

i.  He described Falun Gong as a religion, Ex. 8, Hu Dep. at 11:14-20, that emphasizes moral improvement, (Ex. 8, Hu Dep. at 26:22-27:2).

**Plaintiff Lo Kitsuen**

34.     Plaintiff Lo has expressed his deeply held belief in Falun Gong. (*See infra* a-i).

a.  Lo said he practiced Falun Gong exercises almost daily at a park in Flushing beginning in 2004 and for a number of years thereafter. (Dep. of Lo Kitsuen ("Ex. 9, Lo Dep.") at 38:2-45:21).

b.  He said that he participates in regular group study of Falun Gong scripture. (Ex. 9, Lo Dep. at 58:2-6).

c.  He described the principles of Zhen-Shan-Ren as profound or divine principles that serve as guideposts to his faith practice. (Ex. 9, Lo Dep. at 167:2-9).

d.  He said he attends periodic gatherings and parades related to important Falun Gong dates. (Ex. 9, Lo Dep. at 47:12-16; 58:2-6).

e.  He said that he goes to the spiritual center regularly to gather and then distribute materials about Falun Gong (Ex. 9, Lo Dep. at 58:17-20) and for two years prior to the deposition attended the Falun Gong tables in Flushing daily. (Ex. 9, Lo Dep. at 61:3-25).

f.  He said he attends the annual religious observance at the Global Falun Dafa Experience Sharing Conference held in New York. (Ex. 9, Lo Dep. at 68:6-12).

g.  He said he engages in Falun Gong activities despite alleged intimidation and violence perpetrated by the Defendants. (Ex. 9, Lo Dep. at 59:9-60:22; 118:6-12).

h.  He describes Falun Gong as a religion. (Ex. 9, Lo Dep. at 181:14-24).

i.  He said he engages in the 'fa zheng nian' mind-cleansing prayer, often while attending the spiritual tables in Flushing. (Ex. 9, Lo Dep. at 184:16-17).

**Plaintiff Cui Lina**

35.    Plaintiff Cui has expressed her deeply held belief in Falun Gong. (*See infra* a-g).

a.  Cui stated at her deposition that she has practiced Falun Gong since 1996 and performs two hours of Falun Gong exercises daily. (Ex. 10, Dep. of Cui Lina ("Cui Dep.") at 140:6-22).

b.  She said she participates in weekly group study of Falun Gong scripture. (Ex. 10, Cui Dep. at 141:12-23).

c.  She described the principles of Zhen-Shan-Ren as profound or divine principles that serve as guideposts to her faith practice. (Ex. 10, Cui Dep. at 132:2-10).

d. She said she attends the spiritual tables in Flushing, Queens four-five times a week as a volunteer to distribute materials about nature of Falun Gong and the persecution against it. (Ex. 10, Cui Dep. at 22:3-23:24).

e. She said she attends the annual religious observance at the Global Falun Dafa Experience Sharing Conference held in New York. (Ex. 10, Cui Dep. at 123:4-12).

f. She described Falun Gong as a religion. (Ex. 10, Cui Dep. at 144:9-16).

g. She said she engages in the 'fa zheng nian' mind-cleansing prayer, often while attending the spiritual tables in Flushing. (Ex. 10, Cui Dep. at 142:20-24;176:2-177:2).

**Plaintiff Zhang Peng**

36. Plaintiff Zhang has expressed his deeply held belief in Falun Gong. (*See infra* a-f).

a. Plaintiff Zhang said he performs Falun Gong exercises and reads Falun Gong scriptures in between one and two hours daily. (Dep. of Zhang Peng ("Ex. 11, Zhang P. Dep.") at 94:12-24).

b. He said he regards the Falun Gong principles of Zhen-Shan-Ren as profound or divine principles that serve as guideposts to his faith practice, Ex. 11, Zhang P. Dep. at 190:22-191:16, which he defines as a path to enlightenment and salvation. (*Id.* at 190-91, 164:19-165:19).

c. He said he attends spiritual tables in Flushing, Queens, three to four times a week as a volunteer to distribute materials about the nature of Falun Gong and the persecution against it. (Ex. 11, Zhang P. Dep. at 104:20-105:18).

d. He said he participates in regular religious gatherings at the Taiwanese Association with around 200 other Falun Gong peers. (Ex. 11, Zhang P. Dep. at 91:23-92:13).

e. He described Falun Gong as a religion with a strong moral or ethical component. (Ex. 11, Zhang P. Dep. at 191:2-24; 165:12-19).

f.  He said he had been incarcerated for "a long time" for his faith (Ex. 11, Zhang P. Dep. at 20:15-21:16) but refused to renounce his faith practice despite his knowledge that the persecution against him would cease if he did so. (Ex. 11, Zhang P. Dep. at 31:15-32:5).

**Plaintiff Zhang Jingrong**

37.  Plaintiff Zhang has expressed her deeply held belief in Falun Gong. (*See infra* a-g).

a.  At her deposition, she said that she performs Falun Gong exercises almost daily as part of group practice in Flushing. (Dep. of Zhang Jingrong ("Ex. 12, Zhang Dep.") at 11:13-20:14, 41:9-17).

b.  She said she engages in group Fa study and 'fa zheng nian' prayer weekly at the Taiwan Center (Ex. 12, Zhang Dep. at 37:125-39-10.).

c.  She said she regards the Falun Gong principles of Zhen-Shan-Ren as profound or divine principles that serve as guideposts to her faith practice, Zheng Dep. at 38:12-41:8; 43:4-12; 132:6-17 with important moral or ethical norms that are central to the practice. *Id.* at 143:7-12.

d.  She indicated that she regards the founder of Falun Gong as a sacred figure, akin to a deity. (Ex. 12, Zhang Dep. at 58:2-3) and that Falun Gong itself qualifies as a religion in the United States (Ex. 12, Zhang Dep. at 119:15-24).

e.  She said she engages in the 'fa zheng nian' mind-cleansing prayer, often while attending the spiritual tables in Flushing, Ex. 12, Zhang Dep. at 142:19-22, and hands out materials that describe the spiritual nature of the Falun Gong practice and beliefs. (*Id.* at 42:15-43:11).

f.  She said she cultivates "the principles of truthfulness, compassion and forbearance." (Ex. 12, Zhang Dep. at 37:2-8).

**g.**  She said she engages in Falun Gong activities despite alleged intimidation and violence perpetrated by the Defendants. (Ex. 12, Zhang Dep. at 16:1-17:23, 19:1-20:23, 34:14-20).

**Plaintiff Xu Ting**

38.  Plaintiff Xu has expressed her deeply held belief in Falun Gong. (*See infra* a-g).

a. At her deposition, Plaintiff Xu said she regards the Falun Gong principles of Zhen-Shan-Ren as profound or divine principles that serve as guideposts to her faith practice and enable her to become a "good person." (Dep. of Xu Ting ("Ex. 13, Xu Dep." at 164:3-11).

b. She practices the Falun Gong exercises regularly and when possible in public with other Falun Gong adherents. (Ex. 13, Xu Dep. at 92:1-93:24, 114:19-23, 188:6-23).

c. She regards the founder of Falun Gong as "at least" a saint-like figure. (Ex. 13, Xu Dep. at 135:23-25).

d. She said she believes in and practices the Falun Gong principles of truthfulness, compassion and tolerance. (Ex. 13, Xu Dep. at 30:13-15, 121:14-19).

e. When possible she attends the Taiwanese Cultural Center in Flushing, Queens, to join scriptural study with other Falun Gong adherents. (Ex. 13, Xu Dep. at 92:19-93:4).

f. She attends the annual religious observance at the Global Falun Dafa Experience Sharing Conference held in New York. (Ex. 13, Xu Dep. at 131:5-25).

g. She participates in public Falun Gong religious events, including the annual parades around important Falun Gong dates. (Ex. 13, Xu Dep. at 188:10-23).

**Plaintiff Li Xiurong**

39.      Plaintiff Li Xiurong expressed her sincerely held belief in Falun Gong. (Dep. of Li Xiurong ("Ex. 14, Li Dep.") at 41:2-23; and *infra* a-f).

a. Plaintiff Li said she has practiced the Falun Gong exercises and meditation since 2001, (Ex. 14, Li Dep. at 57:18-20) and that it makes her sleep "very good" at night. (Ex. 14, Li Dep. at 102:3-5): "All I know is that if I practice and meditate it will help me become a better person, better health, and as far as I'm concerned I am already satisfied." (Ex. 14, Li Dep. at 135:23-136:2).

b. She attends the Taiwanese Cultural Center weekly for group study of Falun Gong scripture. (Ex. 14, Li Dep. at 58:10-20).

c.  Five days a week from 2011 to 2013, she spent three hours daily practicing Falun Gong exercises on Main Street Flushing, and distributing flyers, as a form of proselytization. (Ex. 14, Li Dep. at 70:14-72:3).

d.  She attends the annual religious observance at the Global Falun Dafa Experience Sharing Conference held in New York. (Ex. 14, Li Dep. at 134:9-13).

e.  She participates in public Falun Gong religious events, including the annual parades around important Falun Gong dates. (Ex. 14, Li Dep. at 50:1-24).

f.  She continued these public activities in spite of what she alleged were the coordinated insults, attacks, and incitement by violence by the Defendants, which led her to "constant fear and nervousness" that "affected my heart… affected my emotion." (Ex. 14, Li Dep. at 171:16-172:20).

**The United States Government Considers Falun Gong a Religion**

40.     The Executive Branch has treated Falun Gong as a religion in its United States Commission on International Religious freedom (USCIRF) and the State Department Human Rights Reports on China. See infra ¶¶ 41– 48.

41.     The United States Commission on International Religious Freedom (USCIRF) evaluates the treatment of religious practices across the globe and issues an annual report with individual assessments of specific countries. *See* U.S. Comm'n on Int'l Religious Freedom, "What USCIRF Does," *at* http://www.uscirf.gov/about-uscirf/who-we-arewhat-we-do (last visited Nov. 3, 2017). (Ex. 15.A (About USCIRF)).  USCIRF consistently treats Falun Gong as a religion in its official reports. Falun Gong has been included as one among the many religions focused on by the USCIRF in its review of the denial of religious freedom in China, which USCIRF classifies in Tier One – Countries of Particular Concern (CPC) since 2003.  *See* U.S. Comm'n on Int'l Religious Freedom, "Tier 1 Countries of Particular Concern," *at* http://www.uscirf.gov/all-countries/countries-of-

particular-concern-tier-1 (last visited Nov. 3, 2017) (including China in USCIRF's list of "Tier 1 Countries of Particular Concern"). (Ex. 15.B (USCIRF 2012 Rpt.)). In its most recent Annual Report, USCIRF noted that China only recognizes five state-controlled religions and that member of all other religions including Falun Gong, Tibetan Buddhism, Catholicism and Protestantism are subjected to unlawful imprisonment and torture. It is available at

http://www.uscirf.gov/sites/default/files/2017.USCIRFAnnualReport.pdf. (Ex. 15.C (State-controlled and Dissident Religions)).

42.     USCIRF reports consistently include Falun Gong practitioners in their discussions of China's "religious demography" and document the persecution of Falun Gong as a violation of religious freedom. *See, e.g.*, U.S. Comm'n on Int'l Religious Freedom Reports for 2013, "China," (Falun Gong adherents were among those reported to be held solely for their religious association)." *See* https://www.state.gov/j/drl/rls/irf/2013/eap/222123.htm. (Ex. 15. D (USCIRF 2013 Rpt.)). In 2015, USCIRF reported concluded that "[f]or religious freedom, this has meant unprecedented violations against … Falun Gong practitioners." *See* http://www.uscirf.gov/sites/default/files/USCIRF%20Annual%20Report%202015%20%282%29.pdf.  (Ex. 15. E (USCIRF 2015 Report)).

43.     The current Secretary of State said in his remarks at the August 15, 2017 Washington D.C. press conference announcing the release of the 2017 USCIRF Annual Report, that freedom of religion is "a core American value" as well as a "universal human right;" and yet "[t]he government [of China] tortures, detains, and imprisons thousands for practicing their religious beliefs" including Falun Gong believers, Uighur Muslims and Tibetan Buddhist religions.  *See* https://www.state.gov/secretary/remarks/2017/08/273449.htm (Ex. 16).

44.     Beginning in 2000 and up through and including 2009, the State Department Human Rights Reports on China have analyzed the persecution of Falun Gong in China under the heading

"Freedom of Religion." The 2000 Report notes further that Falun Gong "blends aspects of Taoism, Buddhism, and meditation techniques . . . with the teachings of Li Hongzhi." *See* Dep't of State, 2000 Human Rights Report on China, *available at* http://www.state.gov/j/drl/rls/hrrpt/2000/eap/684.htm (Ex. 17.A (Definition of Falun Gong)). In 2010, the Department of State Country Reports stopped reporting on the status of religious freedom and delegated that role to USCIRF. *See* https://www.state.gov/j/drl/rls/hrrpt/2010/eap/154382.htm (Ex. 17. B). As noted, the State Department's annual International Religious Freedom Reports (emphasis added) consistently include Falun Gong believers in their discussions of China's "religious demography" and document the persecution of Falun Gong as a violation of religious freedom. *See supra* ¶ 42.

45. Gretchen Birkle, Acting Principal Deputy Assistant Secretary for Democracy, Human Rights, and Labor testified before the House Committee on International Relations, Subcommittee on Africa, Global Human Rights and International Operations on July 21, 2015 and said (inter alia) the mere belief in the practices of Falun Gong, even without public expression of its tenets, is sufficient grounds for the suppression of Falun Gong believers. It is available at https://2001-2009.state.gov/g/drl/rls/rm/2005/50110.htm. (Ex. 18 (Remarks of G. Birkle)).

46. The U.S. Congress has treated Falun Gong as a religion in numerous resolutions condemning the persecution of Falun Gong for their *peaceful religious* beliefs. *See e.g.*, H. Res. 304, 108th Cong. (2004) (emphasizing that Falun Gong is a peaceful spiritual movement that originated in the People's Republic of China); H. Res. 605, 111th Cong. (2010) (describing Falun Gong as "a traditional Chinese spiritual discipline founded by Li Hongzhi in 1992, which consists of spiritual, religious, and moral teachings for daily life, meditation, and exercise, based upon the principles of truthfulness, compassion, and tolerance"); H. Res. 281, 113th Cong. (2014) (expressing concern over "large numbers of Falun Gong practitioners imprisoned for their religious beliefs"); S. Res. 232,

112th Cong. (2011) (emphasizing that "freedom of religion includes the right of Falun Gong practitioners to freely practice Falun Gong"). (Ex. 19. A-D (U.S. Congressional Resolutions characterizing Falun Gong as a religion)).

47.     The Congressional-Executive Commission on China ("CECC"), which comprises members of executive and congressional branches of government, was established by Congress in 2000 with a mandate to observe and report on human rights and the rule of law in China. It has included a section on the status of Falun Gong in Annual Report each year.  *See, e.g.*, CECC 2016 Report at § "Freedom of Religion" and is *available at*

http://www.cecc.gov/sites/chinacommission.house.gov/files/documents/AR16%20Religion_final. pdf.  (Ex. 20.A (2016 CECC Rpt.)).

48.     Falun Gong invariably appears in the CECC Annual Report section "Freedom of Religion." In 2005, for instance, CECC wrote: "A Party-led anti-cult campaign that targeted religious and spiritual activities in rural areas, including Falun Gong practitioners, continued through late 2004." (CECC, 2005 Annual Report). It is available at

https://chinacommission.gov/pages/annualRpt/annualRpt05/2005_3d_religion.ph. (Ex. 20.B). A 2008 CECC report indicated that "the Chinese government continued to detain and punish Falun Gong practitioners and *members of other spiritual and religious groups*." (CECC, 2008 Annual Report). It is available at https://www.cecc.gov/publications/annual-reports/2008-annual-report. (Ex. 20.C). In a similar vein, a 2011 CECC report included Falun Gong with other religious traditions, describing one government goal as "to prevent Buddhists, Catholics, Falun Gong practitioners, Muslims, Protestants, and Taoists from freely practicing their beliefs.  (CECC, 2011 Annual Report, which is available at https://www.cecc.gov/publications/annual-reports/2008-annual-report. (Ex. 20.D). More recently, in the Commission's 2015 Annual Report, the Commission characterized the

crackdown against groups deemed "'cults" as the crackdown of Buddhist, Protestant house churches and "Falun Gong — a spiritual practice that the government continued to out- law." [6] (Ex. 20.E).

**Evidence of Defendants' Disagreement with the Tenets of Falun Gong**

49.     Defendants disagree with specific beliefs they ascribe to Falun Gong. They characterize such beliefs as, *e.g.*, "ridiculous," (Deposition of Michael Chu ("Chu Dep.") at 39, 211-12), "inappropriate" (Ex. 21), "warped," "twisted," and "cult-like." (Defendant Chu, Li, and Zhu's Second Amended Answer and Counterclaim ("2d Am. Answer & Countercl.") of Li, Chu and Zhu")) at 24-25). *See also*, CACWA Articles of Incorporation at 2, Sept. 18, 2008. (Ex. 22). Defendants' CACWA Shitou newsletters describe Falun Gong as a "xiejiao" (Report of Ford ("Ford Report"), Excerpts from CACWA Shitou Newsletter at ¶¶ 2-5, 8-10) in articles Defendants republish verbatim from the (Chinese propaganda) Kaiwind website. (*Id.* at ¶¶ 2-5, 8-10). (Ex. 23 (Excerpts from CACWA's Shitou Newsletter))

50.     The beliefs Defendants disagree with are (for the most part) commonly held across a variety of religious traditions. (*See e.g.*, Dep. of Xia at 83-84 (charismatic leaders), 89-90 (belief in aliens), 91-93 (belief in supernatural abilities), 96 (religious prohibition of taking of medicine), 98 (religious views about sexuality) & 101 (apocalyptic religious teachings)). (Ex. 24).

**Opinion of Plaintiffs' Expert Dr. Arthur Waldron**

51.     Plaintiffs' expert witness, Dr. Arthur Waldron, the Lauder Professor of International Relations at the University of Pennsylvania, has researched and published about the history and characteristics of religious groups in China, including the "dynamics between the Communist Party and religious groups" and the history of religious movements in China ("Waldron Report") at 1, 4-11). Ex. 25. Dr. Waldron considers Falun Gong a religion. Waldron Report at 1-4. *Id.*

52.     Dr. Waldron bases his expert conclusion on the factors enumerated below.

---

[6] *See* http://www.cecc.gov/sites/chinacommission.house.gov/files/documents/2015%20AR%20Religion.pdf.

a. Falun Gong is part of broader East Asia religious tradition closely related to Buddhism and Taoism.  (Waldron Report at 1). Ex. 25.

b. The basic elements of this religious tradition are the combination of cultivation of mind and soul via mediation with the use of various kinds of physical exercises to discipline the body. *Id.*

c. These elements are also joined with moral and ethical guidelines to structure or influence the behavior of those who are members of the faith based communities. *Id.*

d. The teachings of Falun Gong are comparable to those of a broader Buddhist, Daoist and traditional cosmology. *Id.*

e. Zhuan Falun refers to Falun Gong as part of the Buddha School. *Id.*

f. Zhuan Falun discusses the historical Buddha, Shakyamuni, its interpretation of Zen Buddhism and of several other figures and ideas from Buddhist History and scripture. *Id.*

g. Shared commonalities between Falun Gong and other Buddha School religions include reincarnation, the idea of karma (that doing good deeds will result in good outcomes while evil deeds will lead to misfortune), and the importance of maintaining compassion for all living beings. *Id.* at 1-2.

h. Commonalties with Taoism include the need to "follow the course of nature," and instead of imposing one's will upon the world or other individuals, to seek to "do without doing" *Id.* at 2.

i. The association of Falun Gong teachings with Asian religious traditions is reflected in various academic analyses of Falun Gong. *Id.* at 2 & n. 1.

j. The decision to treat a practice as a religion is politically motivated in China. *Id.* at 2.

      i.   China's defines Christian Churches that refuse to put the Party above biblical canon as heterodox or illegitimate.

     ii.   China defines Tibetan Buddhists as heterodox or illegitimate religions because the Dalai Lama, regarded as a Buddha by his disciples, refuses to put the Party above Buddhist doctrine and belief.

   iii.   China defines as heterodox or illegitimate all but five state-controlled practices that submit completely to Party rule.

53.    Dr. Waldron's conclusion also relied on other experts who concur that Falun Gong is a religion. *Id.* at 1-2 & nn.1, 3-6, 8. These include Dr. Benjamin Perry, who directly states in a book titled *The Religion of Falun Gong* that Falun Gong is "profoundly religious" and "is, in all meaningful ways, a religion." Nothing about its teachings or practices suggests that it is somehow different in kind—or somehow more "controversial" or "political"—than widespread religions such as Protestant Christianity, Catholicism, Tibetan Buddhism, Zen Buddhism, Daoism, Hinduism and so on. *Id.* at 2. (Ex. 26 (Excerpts from B. Perry").

54.    Dr. Waldron has further opined that:

    a.   Li Hongzhi said that Falun Gong is not an <u>organized</u> religion in the excerpt shown to him by defense counsel. (Waldron Dep. at 118). (Ex. 27).

    b.   There is no formal organization in Judaism (*id.* at 58-59); there have not been priests in Judaism since 71 A.D. (*Id.* at 59). (Ex. 27).

    c.   Quakerism, Lutheranism, Unitarianism are among those religions which have no formal leadership. (*Id.* at 60). (Ex. 27).

    d.   Defendants and their expert Dr. Xia Ming, have not addressed the content of Zhuan Falun, which in Professor Waldron's view, is tantamount to a discussion of

Christianity without acknowledgment of the Old or New Testaments. (*Id.* at 121-122). (Ex. 27).

    e.   Falun Gong is a religion "[b]ecause its chief concern is the salvation of the individual and the transition from the illusory world in which we live, what the Buddhists would call the red dust, through a process of growth, to the real world which is the spiritual world. (*Id.* at 40-41). (Ex. 27.)

**Testimony of Defendants' Expert Dr. Xia Ming**

55.    Dr. Xia Ming, a professor of political science at the Department of Political Science and Global Affairs and the City University of New York at Staten Island, submitted an expert report on behalf of Defendants in this case.

56.    Dr. Xia's report addresses the religious status of Falun Gong but does *not* conclude that Falun Gong is not a religion. *See* Report of Dr. Xia Ming ("Xia Report"). (Ex. 28).

57.    Dr. Xia stated under oath that he is not a scholar in the field of religion. (Deposition of Xia Ming "Xia Dep.") at 148); Defendants' attorney, Mr. Tom Fini, stipulated on the record that Dr. Xia was not asked to render an expert opinion as to whether Falun Gong is a religion (Xia Dep. at 67-68). (Ex. 24).

**Expert Evidence of Plaintiffs' Expert Caylan Ford**

58.    Caylan Ford submitted a rebuttal expert report on behalf of Plaintiffs in the case at bar. (Ex. 29).

59.    As set forth in her report, she holds a B.A. (Hons.) in Chinese History, an M.A. in International Affairs, and is awaiting her master's degree in International Human Rights from the University of Oxford. (*Id.* at 1).

60.    Ms. Ford concludes that Falun Gong is a religion based on the following criteria:

    a.   that Falun Gong is part of the Buddhist and Daoist religious traditions (*id.* at 2);

b.  that Falun Gong shares many characteristics with mainstream faiths (*id.* at 2-7);

c.  that Falun Gong teaches a moral code that emphasizes the cultivation of truthfulness-compassion-tolerance in one's daily life. (*id.* at 3); and

d.  that the leading scholars and experts researching Falun Gong agree that Falun Gong qualifies as a religion (*id.* at 9-10).

**Defendants' Counterclaims**

61.  Plaintiffs filed their Complaint on March 3, 2016.

62.  While testifying about the January 3, 2016 incident involving Plaintiff Cuiping Zhang, Defendant Wan admitted that she slapped the camera out of Ms. Zhang's hands because she believed Ms. Zhang was taking pictures of her. (Deposition of Wan Hongjuan ("Wan Dep.") at 103:9-16, 104:1-3 (Ex. 30 (Excerpts from Wan's Deposition)).

63.  Defendant Zhu filed his New York Civil Rights § 79-n and negligence counterclaims against Plaintiffs Bian, Li, Cao, Zhou and Xu on September 9, 2016. ("2d Am. Answer & Countercl.") (ECF 71) at 36-37 (79-n claim), 38-39 (negligence claim).

64.  Defendant Zhu filed his Intentional Infliction of Emotional Distress ("IIED") counterclaim against Plaintiffs Bian, Li, Cao, Zhou and Xu on September 9, 2016. (*Id.* at 37-38).

65.  Defendant's counterclaims are based on the same incidents that Plaintiffs allege in their Complaint.  These include incidents in March 2009 (Plaintiff Bian), July 2011 (Plaintiffs Li and Cao), September 2011 (Plaintiff Zhou), and September 2014 (Plaintiff Xu).  (Pls.' Compl. ¶¶ 21, 23, 29, 30, 34).

66.  Defendant Zhu filed an assault and battery counterclaim against Plaintiffs Bian, Li, Cao, Zhou and Xu in his first-filed Counterclaim and Answer, on April 11, 2016 (April Answer & Countercl. at 27-8); and again, on September 9, 2016 (2d Am. Answer & Countercl. at 35-6).

67.     Defendant's assault and battery counterclaims are based on the same incidents that Plaintiffs allege in their Complaint. 2d Am. Answer & Countercl. ¶¶ 35-6.  These include incidents in March 2009 (Plaintiff Bian), July 2011 (Plaintiffs Li and Cao), September 2011 (Plaintiff Zhou), and September 2014 (Plaintiff Xu).  (Pls.' Compl. ¶¶ 21, 23, 29, 30, 34).

68.     Zhu's assault counterclaims against Plaintiffs Bian, Li and Cao are based on incidents that occurred between 2009 and 2011. One of the incidents – involving Xu Ting - occurred in 2014.  *See supra* ¶ 67.

69.     In his deposition, Defendant Zhu testified that Plaintiff Xu put a flier in front of him, allegedly placed it in his wheelchair, and "lightly scolded me." (October Deposition of Zhu Zirou ("Zhu Dep.") at 134: 16-25, 135: 2-12, 141:18-22).  (Ex. 31 (Excerpts from Zhu's Deposition)).

70.     Defendant Li filed an assault and battery counterclaim against Plaintiffs Bian Hexiang, Gao Jingying, Li, Cao, Wei Min and Lo Kitsuen on April 11, 2016, which alleged that acts of assault and battery claims alleged by Plaintiffs against her were fabrications, and that it was these Plaintiffs who violated her right to be free from assault and battery.  Defendants' April Answer & Counterclaim ("April Answer & Countercl.") ¶ 30.  Li filed a negligence counterclaims in addition to an assault and battery counterclaim against the very same Plaintiffs on September 9, 2016, alleging that acts of assault and battery and negligence alleged by Plaintiffs against her were fabrications, and that it was the Plaintiffs who violated her right to be free from assault and battery and negligence. Defendants' 2d Am. Answer & Countercl. ¶ 36.

71.     Defendant Li's assault and battery and negligence counterclaims are based on the same incidents that Plaintiffs allege in their Complaint.  These include incidents in April 2011 (Plaintiff Gao), July 2011 (Plaintiffs Li and Cao), June 2014 (Plaintiff Wei), September 2014 (an unnamed person), and December 17, 2914 (Plaintiff Lo). *See* April Answer & Countercl. ¶¶ 29-30; and 2[d] Am. Answer & Countercl. ¶¶ 35-6. (Pls' Compl. ¶¶ 79-80; 81,113; 84; 104; 86).

72.     Defendant Li's assault and battery and negligence counterclaims against Plaintiffs allege that Plaintiffs attacked her in each of the encounters in which Defendants, in fact, initiated violence or intimidation against the Plaintiffs. April Answer & Countercl. ¶ 30; 2d Am. Answer & Countercl. ¶ 36.

73.     Li's assault and battery and negligence counterclaims allege that each alleged incident occurred in precisely the same manner. *See* April Answer & Countercl. ¶ 30; 2d Am. Answer & Countercl. ¶ 36. As a result, they do not provide any detail as to how the purported assailants differently assaulted or battered Defendant Li. Nor do they in any way distinguish what actually occurred during the various incidents. *Id.*

74.     As regards one counterclaimed assault and negligence claims, Li did not even identify the purported assailant by name. 2d Am. Answer & Countercl. ¶ 35 (referencing a September 2014 incident involving an unnamed lady), *See also* Pls' Compl. ¶ 104.

75.     At her depositions in July 2016 and October 2016, Li was still unable to distinguish how the incidents occurred much less how they differently occurred. ((July 28, 2016 Deposition of Li ("Li July Dep." at 126:17-25, 127:2-25, 128:1-25; October 14, 2016 Deposition of Li Huahong ("Li Oct. Dep.")) at 198: 2-25, 199: 2-25, 200:2-25, 201:2-15, 204: 21-25, 205:2-25, 206:2-25, 207:2-25, 208: 2-25. *(*Ex. 32).

76.     When asked by Plaintiffs' attorney to provide the names of the purported assailants, she was not able to recall the name of a single individual she counterclaimed assaulted or negligently harmed her apart from Bian Hexiang, whom she admits did not assault her. (Li July Dep at 126:17-25, 127:2-

25, 128:1-25, 129:1-9[7];  Li Oct. Dep.) at 198: 2-25, 199: 2-25, 200:2-25, 201:2-15, 204: 21-25, 205:2-25, 206:2-25, 207 2-25, 208 2-25. [8] (Ex. 32).

77.     Defendant Wan filed an assault and battery counterclaim against all Plaintiffs on April 11, 2016, which alleged that acts of assault and battery claims alleged by Plaintiffs against her were fabrications, and that it was the Plaintiffs who violated her right to be free from assault and battery. Defendants Wan's April Answer and Counterclaim ("April Answer & Counterclaim") ¶ 3.  On September 9, 2016, Wan filed claims for negligence and intentional infliction of emotional distress in addition to assault and battery. Second Amended Answer and Counterclaim ("2d Am. Answer & Countercl.") ¶¶ 20-25 (negligence), ¶¶ 15-19 (intentional infliction of emotional distress), ¶¶ 8-14 (assault and battery).

78.     Defendant Wan's assault and battery, negligence and intentional infliction of emotional distress counterclaims are based on the same incidents that Plaintiffs allege in their Complaint. These include incidents on January 16, 2015 (Plaintiff Zhang J.), January 3, 2015 (Plaintiff Zhang C.), August 23, 2014 (Plaintiff Wei), July 21, 2014 (Plaintiffs Hu, Cui, Gao), July 24, 2014 (Plaintiffs Hu, Cui, Gao) and July 19, 20124 (Plaintiff Zhang P). Wan's April Answer & Countercl.  ¶¶ 2-3; Pls' Compl. ¶¶ 101, 103, 106-09. *See also* Wan's 2d Am. Answer & Countercl. ¶¶ 2-3.

---

[7]  During her July 2016 deposition, Li offered the name of Chang Chan Hu as someone she counterclaimed against. However, he is not a Plaintiff in this case. The only other person identified, albeit by description and not by name, is also not a Plaintiff in the case at bar. The only Plaintiff Li was able to identify was Bian Hexiang (Li July Dep. 128:22-25).

[8]  Li was unable to offer the names of any of those she counterclaimed against during her October 2016 deposition.  She did offer descriptions of two Plaintiff based solely on their attendance at the settlement meeting she attended with Defendant Chu. However, she was unsure if she had counterclaimed against the female lady who attended the deposition and again could not recall her name or the date the alleged incident occurred. Moreover, she did not counterclaim against the gentleman who attended, i.e., Plaintiff Hu Yang. *See supra* ¶ 72. Li's descriptions of a 50-year old male person (Li Dep. at 205) does not fit a description of any Plaintiff. The only other person she described, a woman in her thirties is not a Plaintiff in the case. Indeed, Li even admitted she has not seen the woman since 2008 perhaps not realizing that the incidents Plaintiffs complained of occurred no earlier than 2009. When asked if she recalled any other incidents, she was unable to recall others. (*Id.* at 208-09).  Li was also unable to identify the dates of any incidents. (*Id.*). Indeed, all she could recall about the dates, after being prompted extensively by her attorney, was that they took place during the same period the incidents Plaintiffs alleged occurred. (*Id.* at 228).

79.   Defendant Wan's assault and battery, negligence and intentional infliction of emotional distress counterclaims against Plaintiffs allege that Plaintiffs attacked her in each of the encounters in which Defendants, in fact, initiated violence or intimidation against the Plaintiffs. Wan Answer. & Countercl. ¶ 3; Wan 2d Am. Answer & Countercl. ¶ 3.

80.   Wan's counterclaims against all Plaintiffs apart from Plaintiff Wei allege that each alleged incident occurred in precisely the same manner. *See* Wan's April Answer & Countercl. ¶ 3; Wan's 2d Am. Answer & Countercl. ¶ 3. As a result, they do not provide any detail as to how the purported assailants differently assaulted or battered Defendant Wan. Nor do they in any way distinguish what actually occurred during the various incidents. *Id.*

81.   At her deposition, Wan did not identify any of the purported assailants (although she said she could) apart from Plaintiffs Zhang C. and Zheng J. (Deposition of Wan ("Wan Dep.")) at 82-88 (discussing the January 16, 2015 incident counterclaimed against Zheng J); Wan Dep. at 102-104 (discussing the January 3, 2015 incident counterclaimed against Zhang C). Ex. 31.

Dated:  November 10, 2017                     Respectfully submitted,

/s/
_____

Jonathan Moore
BELDOCK LEVINE & HOFFMAN LLP

Joshua S. Moskovitz
BELDOCK LEVINE & HOFFMAN LL

Terri Marsh
HUMAN RIGHTS LAW FOUNDATION

cc: Tom M. Fini, Esq. (by ECF), Edmond Wong, Esq. (by ECF)