

The Empire State Building
350 Fifth Avenue, Suite 7710
New York, NY 10118

Attorneys at Law

tel: 212-239-9669   fax: 212-239-9688
www.catafagofini.com

July 22, 2020

VIA ECF

The Honorable Judge Pamela K. Chen
United States District Court, Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re:   *Jingrong et al. v. Chinese Anti-Cult Alliance et al.*, 15-cv-1046-PKC-VMS
      Response to Court's July 7, 2020 Order

Dear Judge Chen:

The parties hereby jointly respond to the Court's Order dated July 7, 2020 (the "Order"). For the reasons set forth below, the Parties agree (i) that the current stay that is in place during the interlocutory appeal, which awaits decision, should remain in place; and (ii) that when the appeal is decided, the Parties will then be in a position to determine if an additional settlement conference would be appropriate.

First, the parties jointly wish to introduce ourselves, and are happy to hear the news that Your Honor will preside over this case. The Parties also jointly thank Judge Weinstein for his many tireless years of judicial service, and his work on this action.

In the Order, the Court noted that the Second Circuit agreed to take the interlocutory appeal in 2018. However, after full briefing, it was not until the October 3, 2019 that the Second Circuit held oral argument on the appeal. At oral argument, the panel actively questioned both counsel, and the panel clearly indicated that it found the issues on appeal to be of importance, as Judge Weinstein had found in certifying the interlocutory appeal in his May 30, 2018 Order (Doc. 175). Since the appeal was not argued until October 3, 2019, only 9 months have passed since then, and this 9 month period is within the average time for the Second Circuit to issue decisions, even before the COVID-19 crisis. In that regard, the Parties contacted the case manager for the appeal (Wilson Dudley) on July 16, 2020, and Mr. Dudley stated that 9 months was within a normal range of time for appeals to be decided. Thus, the Parties agree, and respectfully submit, that we should await the Second Circuit's decision, particularly since the oral argument made clear that the panel and their clerks had spent time on the appeal, which the Parties greatly respect and are thankful for.

In addition to the appeal not being unusually delayed (particularly since everyone lost some time dealing with the worldwide pandemic), the Parties also agree that there are important benefits of awaiting the appeal, including for the reasons that Judge Weinstein articulated when he certified the case for an interlocutory appeal and granted a stay pending that appeal in his May 30, 2018 Order (Doc. 175). As Judge Weinstein noted, the trial in this action will involve numerous issues, and will be further complicated by the existence of numerous parties whose do not speak English, and will require translators. Id. In addition, Judge Weinstein found that the close questions he wished to be clarified on appeal would significantly impact how the trial in conducted and what

law would apply. Id. The parties agree that the upcoming guidance from the Second Circuit will be extremely useful to the Parties and the Court, by preventing the very real possibility that the concerned Judge Weinstein: that the Court may apply a version of the law that varies from what the Second Circuit is about to clarify in a decision that it has already invested time to hear in an active and interesting oral argument.

In light of the above, the Parties do not see any compelling need to now lift the stay, and move forward toward trial, without the appellate guidance that the Parties spent significant sums of money in attorney time to brief on appeal, all with the goal of avoiding an incorrect application of a statute that Judge Weinstein found involved close legal calls which warranted appellate clarification. Indeed, the Parties respectfully submit that the interests of the Parties, and the furtherance of the efficiency of the Court system, are overall best served by leaving the stay in place.

Another factor that the Parties respectfully submit weighs in favor of awaiting the Second Circuit's expected decision is that the COVID-19 pandemic will certainly delay any jury trial in this case in any event. Since a jury trial in this case could not take place promptly in any event, this is just an additional reason why the Parties do very much wish to learn the Second Circuit's guidance, before the parties spend substantial legal fees on what will be an expensive jury trial.

Regarding whether a settlement conference would be desirable at this time, the Parties believe that the upcoming appellate decision will actually be important for the Parties to have in hand in order to address any potential for settlement. The Parties engaged in prior settlement conferences before the Court, and also had numerous settlement discussions amongst themselves. There has been no development since that time which leads counsel to the Parties to believe that a settlement would result from a settlement conference at this time. Since the Parties know that there are open issues that are about to be decided by the appeal, this creates uncertainty as to what a trial may look like, what claims will remain, and what the nature and scope of the claims will be – issues that the upcoming appeal decision will help answer. The Parties agree that, faced with these open issues which may affect the scope and potential value of the claims, it would be preferable to await the appellate decision. Armed with a new appellate decision, the attorneys on both sides will then have news to explain to their clients, to see if this development can help pave the way to a new settlement discussion.

For the above reasons, the Parties agree, and respectfully jointly submit, that the stay of this case pending an appellate decision is warranted, and that the issue of whether a settlement conference is desirable is one that the Parties should be directed to report to the Court on within 21 days of the appellate decision.

Respectfully submitted,

/s/ Tom M. Fini

cc: All counsel of record