**CATAFAGO FINI LLP**

*Attorneys at Law*

The Empire State Building
350 Fifth Avenue, Suite 7710
New York, NY 10118

tel: 212-239-9669   fax: 212-239-9688
www.catafagofini.com

January 29, 2021

VIA ECF

The Honorable Judge Pamela K. Chen
United States District Court, Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re:   *Jingrong et al. v. Chinese Anti-Cult Alliance et al.*, 15-cv-1046-PKC-VMS
      Response to Court's July 29, 2020 Order

Dear Judge Chen:

The parties hereby jointly respond to the Court's Order dated July 29, 2020 (the "Order") which required a status update regarding the stay that is in effect. For the reasons set forth below, the Parties agree (i) that the current stay that is in place during the interlocutory appeal, which awaits decision from the Second Circuit, should remain in place; and (ii) that when the appeal is decided, the Parties will be in a position to determine if an additional settlement conference would be appropriate.

As the Court is aware, Judge Weinstein had certified issues for an interlocutory appeal, and entered a stay pending appeal. On October 3, 2019, the Second Circuit held oral argument on the appeal. At oral argument, the panel actively questioned both counsel and treated the issues on appeal of significance and importance. Since the appeal was not argued until October 3, 2019, and since all courts have been impacted by the worldwide pandemic, the parties continue to believe that a stay pending the outcome of the appeal is warranted.

In addition to the appeal being understandably delayed, in part by the pandemic, the Parties also continue to agree that there are important benefits of awaiting the appeal, including for the reasons that Judge Weinstein articulated when he certified the case for an interlocutory appeal and granted a stay pending that appeal in his May 30, 2018 Order (Doc. 175). As Judge Weinstein noted, the trial in this action will involve numerous issues, and will be further complicated by the existence of numerous parties whose do not speak English, and will require translators. Id. In addition, Judge Weinstein aptly determined that a resolution of the certified questions would significantly impact the trial. Id. Indeed, it is unclear to the parties how the case could proceed to trial without a prior resolution of these matters.

In light of the above, the Parties still do not see any compelling need to now lift the stay, and move forward toward trial, without the appellate guidance. Apart from all else, the Parties spent significant time and resources on an appeal certified by Judge Weinstein for good cause. As such, the Parties respectfully submit that the interests of the Parties, and the efficiency of the Court system, are overall best served by leaving the stay in place.

In addition, since the trial will no doubt be delayed due to the Pandemic, there seems to be little reason to lift the stay.

Regarding whether a settlement conference would be desirable at this time, the Parties continue to believe that the upcoming appellate decision will significantly impact how the parties address any potential for settlement.   The Parties engaged in prior settlement conferences before the Court, and also had numerous settlement discussions amongst themselves. There has been no development since that time; as such counsel believe that a settlement is unlikely at this time. Indeed, faced with these open issues which may affect the scope and potential value of the claims, all parties believe it preferable to await the appellate decision prior to reconsideration of settlement of the issues in lieu of trial.

For the above reasons, the Parties agree, and respectfully jointly submit, that the stay of this case pending an appellate decision is warranted, and that the issue of whether a settlement conference is desirable is one that the Parties should be directed to report to the Court on within 21 days of the appellate decision.

Respectfully submitted,

/s/ Tom M. Fini

cc:  All counsel of record